IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MOHAMMED P. WHITAKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 24-06073-CV-SJ-GAF-P |
| SHERYL WILSON, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Mohammed P. Whitaker is currently confined at the Crossroads Correctional Center ("CRCC") in Cameron, Missouri. Plaintiff has filed this pro se civil case under 42 U.S.C. § 1983, alleging violations of his federally protected rights. He has been granted leave to proceed in forma pauperis and has paid an initial partial filing fee of $16.00. Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of Plaintiff will be required to forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time that amount exceeds $10.00 until the balance of the $350.00 filing fee is paid ($334.00).

Plaintiff alleges that Defendants Sheryl Wilson and Aaron Githens respectively worked as the Director of Medical Records and a Nurse Practitioner at the Western Missouri Correctional Center ("WMCC") during all relevant times. Plaintiff alleges that in 2014 he had surgery to repair fractures in his left leg. Doc. 1-1 at 5. In 2021, while he was incarcerated at WMCC, he started suffering extreme pain from the surgery. *Id.* at 6. After Plaintiff informed Defendant Wilson that he needed to see a doctor to address the pain, Defendant Wilson told him that she wanted him to "suffer" from the pain for "a few more weeks" before she scheduled a doctor's visit. *Id.*

Plaintiff was eventually treated by Defendant Gitthens, who acknowledged that over the counter medications would not help Plaintiff's pain. *Id.* at 8. Despite this knowledge, Defendant Gitthens refused to prescribe Plaintiff the proper medication—Gabapentin—because Defendant Gitthens did not "really like" Plaintiff and wanted him to "suffer a little longer." *Id.* At the next appointment a month later, Defendant Gitthens still refused to prescribe Gabapentin and told him that the "pain" he was suffering was "good" because "it lets you know you are still alive." *Id.* at

10. When Plaintiff told Defendant Gitthens he would report him to his supervisors, Defendant Gitthens threatened to continue withholding medication if he did so. *Id.*

At an appointment approximately a month later, Defendant Gitthens prescribed Gabapentin. *Id.* at 11–12. Plaintiff alleges that this effectively dealt with his pain. In 2022, Plaintiff and Defendants all transferred to CRCC when WMCC was shutdown.

Granting a liberal construction to Plaintiff's claims, *see Haines v. Kerner*, 404 U.S. 519 (1972), they do not appear to be totally frivolous or maliciously raised. Thus, Defendants Wilson and Gitthens are ORDERED to answer or otherwise respond as specified below.

**Notice Concerning Mediation:** This case may be scheduled for mediation at any time. The parties are encouraged to provide their position regarding mediation by completing the enclosed mediation request form and returning it to the address listed on the form. There is no deadline for doing so. However, whether this case is selected for mediation is initially at the MAP Director's discretion. If the MAP Director schedules this case for mediation, it does not necessarily indicate that either party has requested mediation.

Accordingly, it is **ORDERED** that:

(1) the agency having custody of Plaintiff forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is paid ($334);

(2) the Clerk of the Court shall provide the parties with Mediation Request Forms;

(3) the Missouri Department of Corrections and Centurion shall notify the Court, in writing, within thirty days from the date of this Order, as to which Defendants they will or will not waive service of process. If service is not waived, the Missouri Department of Corrections and Centurion shall advise the Court as to whether Defendants are current or former employes, and if so, shall provide the Court with their last known addresses, in camera, for the purpose of service of process; and

(4) Defendants shall answer or otherwise respond, pursuant to Federal Rule of Civil Procedure 12, within sixty days from the date of this Order if service of process is waived, or within twenty-one days after service of process if it is not waived.

**IT IS SO ORDERED.**

Dated: September 5, 2024           /s/ Gary A. Fenner  
                                                             GARY A. FENNER, JUDGE  
                                                             UNITED STATES DISTRICT COURT